UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SCOTTY INMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:22-cv-01025-SHM-tmp |
| | ) |
| OFFICER F/N/U SHARP, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER MODIFYING THE DOCKET;
DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE IN PART AND
WITHOUT PREJUDICE IN PART;
GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE;
AND DIRECTING INMAN TO NOTIFY THE CLERK OF COURT OF INMAN'S
CURRENT ADDRESS**

On February 8, 2022, Plaintiff Scotty Inman filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) When Inman filed the complaint, he was incarcerated at the Hardeman County Correctional Facility (the "HCCF"), in Whiteville, Tennessee. (ECF No. 1-12 at PageID 33.) The Tennessee Department of Correction ("TDOC") Felony Offender Information website shows that Inman is now assigned to active supervision at the Dyersburg Probation and Parole Office. (*See* https://foil.app.tn.gov/foil/details.jsp (last accessed Jan. 2, 2025).) On February 8, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 4 (the "IFP Order").)

In the complaint, Inman alleges he was assaulted on December 27, 2021 by inmates F/N/U Black, F/N/U Clark, and F/NU Smith at the HCCF. (ECF No. 1-1 at PageID 8-12 (the "Incident");

*see also id*. at PageID 9 (alleging that Black, Clark, and Smith "were hitting and kicking me", including a "kick[] in the side of the head [that] knock[ed] me to the floor" and "hit[s] […] over the back of the head with […] a metal piece of pipe").)  Inman complains that, before the Incident occurred: (1) Sergeant Sharp failed to "check[] every thirty (30) minutes per TDOC Policy" and later "ignore[ed] [Inman's] attempts to [obtain help] by kicking [the] door"; (2) Sergeant Cross failed to "lock[] or check[] all doors and do[] walk-thru's"; (3) Warden Hall and Warden Dodd failed to train and supervise HCCF staff; and (4) Chief of Security Thomas failed to "worry[] about [Inman's] security after [the] [I]ncident" and did not "respond to any of [Inman's] request[s] for help." (ECF No. 1-1 at PageID 6-7.)  Inman alleges that he suffered "internal bleeding, continually having PTSD, schizophrenia, paranoia[,] […] 2 swelled shut eyes, [and] lacerations all over my legs and arms" due to the Incident.  (ECF No. 1 at PageID 4; ECF No. 1-1 at PageID 12.)  He complains that he "had to wait from 4:30pm until 9pm to be taken […] to the hospital […] due to them being understaffed."  (ECF No. 1-1 at PageID 11.)

Inman asserts claims of: (1) failure to protect; (2) "gross negligence"; (3) "negligence"; (4) "deliberate indifference"; (5) failure to train and supervise; (6) due process violation for failure to follow "TDOC Policy"; (7) safety for other inmates; (8) request for an investigation; and (9) request for initiation of criminal charges.  (ECF No. 1 at PageID 4; ECF No. 1-1 at PageID 8-12.)

Inman sues seven Defendants: (1) Officer F/N/U Sharp; (2) Warden Danny Dodd; (3) Warden Hilton Hall; (4) Sergeant F/N/U Cross; (5) Sergeant F/N/U Sharp[1]; (6) Chief of Security F/N/U Thomas; and (7) CoreCivic.  (ECF No. 1 at PageID 1 & 3 (Defendants (1) through (6) are referred to as the "Individual Defendants").)  Inman sues "all Defendants … in their official capacity for their actions and or inactions committed during th[e] [I]ncident." (*Id*. at PageID 4.)

---

[1] In the complaint, Inman names two Defendants with the surname Sharp: (1) "Sgt. Sharp"; and (2) "Regular Officer Sharp."  (ECF No. 1 at PageID 1; ECF No. 1-1 at PageID 6.)

Inman seeks: (1) five hundred thousand dollars ($500,000.00) from each Defendant; (2) relief to "[i]nsure [sic] the safety of all inmates that are currently housed at [the HCCF]"; and (3) "appropriate investigations into the short staffing." (ECF No. 1 at PageID 5.)

The Clerk shall MODIFY the docket to add the Hardeman County Correctional Facility as a Defendant.

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in part and DISMISSED WITH PREJUDICE in part; (2) leave to amend the claims dismissed without prejudice is GRANTED; and (3) Inman is DIRECTED to notify the Clerk of Court in writing within FIFTEEN (15) DAYS of the date of this Order of Inman's present address.

I.  **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported

by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II. REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Inman sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III. ANALYSIS

### A. (1) Claims Against The Individual Defendants In Their Official Capacities For: (a) Failure To Protect, (b) Deliberate Indifference, And (c) Failure To Train And Supervise; (2) Claim Against CoreCivic; and (3) Claim Against The HCCF

Inman sues the Individual Defendants in their official capacities. (ECF No. 1 at PageID 4.) Inman's official capacity claims against the Individual Defendants are treated as claims against the Individual Defendants' employer — the HCCF. *See Jones v. Union Cnty., Tennessee*, 296

F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). (*See also* ECF No. 1 at PageID 3 (alleging that the Individual Defendants are "employed as staff at Hardeman County Correctional").) CoreCivic is a private company that manages the HCCF, which houses inmates in the custody of the TDOC.[2] *See, e.g., Glenn v. Walker*, No. 21-1013, 2021 WL 4269474, at *2 (W.D. Tenn. Sept. 20, 2021); *Talley v. McKinney*, No. 20-1118, 2021 WL 1254681, at *3 n.2 (W.D. Tenn. Apr. 5, 2021).

"A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CoreCivic "cannot be held liable under a theory of *respondeat superior*." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). To prevail on a § 1983 claim against CoreCivic, Inman "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* Inman does not identify or describe any policy or custom of CoreCivic, much less an unconstitutional policy or custom of CoreCivic pursuant to which the Individual Defendants acted to deprive Inman of a constitutional right. (*See* ECF No. 1 at PageID 1-5; ECF No. 1-1 at PageID 6-12.) Inman instead alleges personal misconduct by the Individual Defendants. (*See, e.g.*, ECF No. 1-1 at PageID 6 (alleging that: Sergeant Sharp and Sergeant Cross failed to perform safety checks before the Incident; Officer Sharp "ignore[ed]" Inman's pleas for

---

[2] *See* https://www.tn.gov/correction/sp/state-prison-list/hardeman-county-correctional-facility.html ("Hardeman County Correctional Facility is owned by the Hardeman County Correctional Facilities Corporation, which contracts with CoreCivic for management of the prison") (last accessed Jan. 2, 2025).

5

help during the Incident; Warden Hall and Warden Dodd failed to train employees; and Chief Thomas refused to "worry[] about [Inman's] safety after the [I]ncident").)

To the extent Inman alleges a claim under § 1983 against the HCCF, the complaint fails to state a claim to relief.  Under § 1983, a jail is not a "person" subject to suit.  *Marbry v. Corr. Med. Serv.*, 238 F.3d 422 (table), No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000).

Inman's claims against (1) the Individual Defendants in their official capacities, (2) CoreCivic, and (3) the HCCF are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

> B. **(1) Claim Against Wardens Hall & Dodd For Failure To Train And Supervise;**
> **(2) Due Process Claim Against Sergeant Sharp For Failure To Follow Policy;**
> **(3) Claims Against The Defendants For Negligence And Gross Negligence;**
> **(4) Claim On Behalf Of Other Inmates;**
> **(5) Claim For Staffing Investigation; And**
> **(6) Claim For Prosecution Of Criminal Charges**

In addition to the pleading insufficiencies of Inman's (1) official capacity claims against the Individual Defendants and (2) claims against CoreCivic and the HCCF, several claims in the complaint fail to state a claim to relief as a matter of law.

(1)    The first is Inman's claim that Warden Hall and Warden Dodd failed to train and supervise HCCF staff.  Inman makes the conclusory allegation that Warden Hall did "not train[] or mak[e] employees take proper training on enforcing them to do procedures mandated by TDOC Policy."  (ECF No. 1-1 at PageID 6.)  Inman's allegation does not demonstrate that Warden Hall directly participated or implicitly authorized, approved, or acquiesced in conduct or events related to the Incident.  (*Id.*)  The conclusion is the same about Inman's broad allegation that Warden Dodd failed to "train[] or ensur[e] normal operations correctly or supervis[e] staff well."  (*Id.* at PageID 7.)  At a minimum, a plaintiff asserting a claim under § 1983 must show that a defendant-official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.  *See, e.g., Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 646–48

(6th Cir. 2012); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Inman does not make such allegations in the complaint. Inman, in fact, suggests the opposite. (*See, e.g.*, ECF No. 1-1 at PageID 12 (alleging that Warden Hall "came around [with] […] Sergeant Cross [and] Sergeant Sharp […] and secured all the doors […] earlier that morning [before the Incident]").) Absent evidence of personal involvement in the alleged underlying misconduct, Warden Hall and Warden Dodd cannot be liable based on their failure to train or supervise. CoreCivic cannot be liable for the actions or inactions of Warden Hall and Warden Dodd solely on the basis that the Wardens are supervisory officials at CoreCivic. For CoreCivic to be liable for supervisory employees' conduct, Inman must show that the supervisor encouraged the specific incident of misconduct or had some direct, personal involvement in the alleged constitutional deprivation. *See, e.g.*, *Knott v. Sullivan*, 481 F.3d 561, 574 (6th Cir. 2005); *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). As explained *supra*, Inman's allegations fall short in demonstrating that encouragement and involvement.

(2)    Second, to the extent Inman alleges a due process claim against Sergeant Sharp for failure to follow "TDOC Policy" (*see* ECF No. 1-1 at PageID 6), that claim fails as a matter of law. An inmate's allegation that jail officials failed to follow a correctional facility's administrative policies does not rise to a constitutional violation. *See Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). Mandatory language in prison regulations, which Inman's complaint does not clearly allege (*see* ECF No. 1-1 at PageID 6 (alleging, without more, "TDOC Policy")), does not create a liberty interest protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 729-30 (W.D. Tenn.), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (citing *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-71 (6th Cir. 1995)). Even if the complaint were construed to allege that the HCCF had policies and procedures governing correctional staff's safety rounds and that Sergeant Sharp was bound to follow those policies and procedures, § 1983 would not provide a remedy for violations of state laws or regulations. *See Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th

7

Cir. 1994); *see also Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (the violation of a prison regulation is not actionable under § 1983) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)). Inman does not have a constitutional right to require that Sergeant Sharp observe particular HCCF policies and procedures.

(3) Third, Inman alleges that he is "sueing [sic] for gross negligence" (ECF No. 1 at PageID 4) and "for negligence for my safety" (ECF No. 1-1 at PageID 11). Negligent conduct is not actionable under § 1983 because negligence does not rise to the level of a constitutional deprivation. *See Lewellen*, 34 F.3d at 348-49 ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest") (internal citation omitted). Inman's claims of negligence (ECF No. 1-1 at PageID 11) and gross negligence (ECF No. 1 at PageID 4) do not allege deprivation of a constitutional right.

(4) Fourth, to the extent Inman's request to "[i]nsure [sic] the safety of all inmates that are currently housed at [the HCCF]" (ECF No. 1 at PageID 5) can be considered a request for injunctive relief, the relief he seeks is unavailable. The operation of correctional facilities "is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979). Inman's complaint is insufficient to support broad relief that affects the daily operations and administration of the HCCF. Inman also lacks standing to seek relief on behalf of other inmates. One of the three elements of standing is that a "plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote, and citations omitted). "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted). Unless a plaintiff has suffered an

actual injury, he is "not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001). Inman's request to prevent harm to other inmates (ECF No. 1 at PageID 5) shows no actual injury to Inman. Any prospective injury to Inman is negated if he has been released from custody at the HCCF.

(5)    Fifth, Inman has no "statutory or common law right, much less a constitutional right, to an investigation." *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007). The decision to conduct an "appropriate investigations", such as Inman requests (*see* ECF No. 1 at PageID 5), is left to the discretion of governmental entities. Inman may petition the government for the investigative relief he seeks, but his request for "investigations into the short staffing [at the HCCF]" (*see id.*) is not a cognizable claim under § 1983.

(6)    To the extent Inman seeks to "press[] or try[] to press charges against all who assaulted me" (ECF No. 1-1 at PageID 11), his request is not well taken. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The initiation and prosecution of criminal charges against private persons are within the province of federal or state prosecutors, not this Court.

Inman's (1) claim against Warden Hall and Warden Dodd for failure to train and supervise, (2) due process claim against Sergeant Sharp for failure to follow "TDOC Policy", (3) claims against all Defendants for negligence and gross negligence, (4) claims seeking "safety for all [HCCF] inmates", (5) claim for an investigation into alleged staffing shortages at the HCCF, and (6) claim for initiation of criminal charges against the alleged assailants during the Incident are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

## IV.    AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a District Court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir.

9

2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the complaint under the conditions set forth below

## V.    CONCLUSION

For the reasons explained above:

**A.**    To the extent the complaint (ECF No. 1) alleges: (1) claims against Warden Hall and Warden Dodd for failure to train and supervise; (2) a due process claim against Sergeant Sharp for failure to follow "TDOC Policy"; (3) claims against all Defendants for negligence and gross negligence; (4) claims seeking "safety for all [HCCF] inmates"; (5) a claim for an investigation into alleged staffing shortages at the HCCF, and (6) a claim for initiation of criminal charges against the alleged assailants during the Incident (collectively, the "Claims Dismissed With Prejudice"), all such claims are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend the Claims Dismissed With Prejudice is DENIED.

**B.** The claims in the complaint (1) against the Individual Defendants in their official capacities for (a) failure to protect, (b) deliberate indifference, and (c) failure to train and supervise, (2) against CoreCivic, and (3) against the HCCF (collectively, the "Claims Dismissed Without Prejudice") are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

**C.** Leave to amend the Claims Dismissed Without Prejudice is GRANTED. An amended pleading must be filed within twenty-day (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Inman's claims. An amended complaint supersedes the initial complaint and must be complete in itself without reference to the prior pleadings. Inman must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint must arise from the facts alleged in the initial complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Inman decides to amend his claims, he must use the "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983" form.[3] If Inman fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

**D.** When Inman filed the complaint, he was confined at the HCCF. (ECF No. 1 at PageID 2.) According to information about TDOC inmate identification number 415211 (*see* ECF

---

[3] *See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf (last accessed Jan. 2, 2025).

11

No. 2 at PageID 38), Inman is presently assigned to the Dyersburg Probation and Parole Office, which suggests that he has not complied with the IFP Order. (*See* https://foil.app.tn.gov/foil/details.jsp (TDOC Felony Offender Information website) (last accessed Jan. 2, 2025); ECF No. 4 at PageID 50 ("If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court").) To clarify the record about Inman's present location, he is DIRECTED to notify the Clerk of Court in writing about Inman's present address within FIFTEEN (15) DAYS of the date of this Order. If Inman is presently incarcerated, he shall notify the Clerk of Inman's present place of incarceration. If Inman has been released from incarceration, he must renew his *in forma pauperis* status or pay the balance of the civil filing fee. *See* 28 U.S.C. § 1915(b); *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951 (overruling *McGore* to the extent it held that a district court may not grant leave to amend when the PLRA requires dismissal of a prisoner's claims). If Inman fails to notify the Clerk of Inman's address or to comply with any other requirements of this Order, the Court may impose appropriate sanctions, up to and including dismissal of the case, without additional notice or hearing by the Court.

IT IS SO ORDERED, this  *14th*  day of January, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

12